```
                                              United States Court of Appeals
                                                      Fifth Circuit
                                                     F I L E D
         UNITED STATES COURT OF APPEALS              June 28, 2007

              FOR THE FIFTH CIRCUIT               Charles R. Fulbruge III
                                                         Clerk
```

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  AUG 2 2 2007
LORETTA G. WHYTE
CLERK

No. 05-30222

D.C. Docket No. 2:00-CR-253-3
~~2:03-CV-135~~

UNITED STATES OF AMERICA

       Plaintiff - Appellee

v.

TIMOTHY TAPP also known as, TT also known as, T

       Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE: AUG 2 1 2007

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
      Deputy

New Orleans, Louisiana  AUG 2 1 2007

United States Court of Appeals
Fifth Circuit
F I L E D
June 28, 2007
Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 05-30222

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY TAPP, also known as T, also known as TT,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Timothy Tapp ("Tapp"), federal prisoner # 26638-034, appeals the district court's denial of his § 2255 habeas petition, wherein Tapp argued that his trial counsel rendered ineffective assistance by failing to timely file a notice of appeal ("NOA"). We vacate the district court's judgment and remand for an evidentiary hearing to determine whether Tapp requested that his counsel file a[n] appeal.

In February 2001, Tapp pleaded guilty to possessing with intent to distribute one and a h[alf]

kilograms of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Tapp waived the right to appeal his sentence either directly or collaterally, but reserved the right to appeal any punishment imposed in excess of the statutory maximum and any punishment that was an upward departure from the applicable guidelines range. The district court sentenced Tapp to 194 months imprisonment.

Tapp's counsel filed an NOA, but this Court determined that it was filed one day late and dismissed Tapp's appeal as untimely. Tapp then filed a § 2255 petition, in which he argued that his counsel was ineffective in failing to timely file an NOA. The district court concluded that this argument was unavailing due to Tapp's informed, voluntary waiver of his right to appeal his sentence. Accordingly, the district court denied Tapp's § 2255 petition. The district court's ruling was made without an evidentiary hearing.

Tapp timely appealed the district court's denial of his § 2255 petition. We only granted Tapp a certificate of appealability on the question of whether Tapp's counsel rendered ineffective assistance when he failed to timely file Tapp's NOA. We review a district court's denial of a § 2255 motion made without the benefit of an evidentiary hearing for an abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the failure to file a requested NOA is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Id.* at 483-86. When an attorney fails to file a NOA when requested to do so, then, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78. The Court indicated that it would be unfair to require a litigant to argue

in a § 2255 proceeding that his appeal would have had merit. *Id.* at 486.[1] Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id.* at 484, 486.

The Government contends that *Flores-Ortega* does not apply in the instant case because the defendant in *Flores-Ortega* did not waive his right to appeal or to seek collateral relief. Although we have not resolved this issue in a published opinion, we have in several unpublished decisions applied the rationale set forth in *Flores-Ortega* in cases where there is an appeal waiver. *See United States v. McMillen*, 96 F. App'x 219, 2004 WL 906543, *1-2 (5th Cir. 2004) (unpublished); *United States v. Albarran-Moreno*, 70 F. App'x 215, 215-16 (5th Cir. 2003) (unpublished); *United States v. Johnson*, 244 F.3d 134, 2000 WL 1901456, *1-3 (5th Cir. 2000) (unpublished).

Moreover, at least three circuits have held that *Flores-Ortega* applies in cases involving appeal waivers that also included a waiver of collateral review. In *Campusano v. United States*, 442 F.3d 770, 771-72 (2d Cir. 2006), the plea agreement contained a conditional waiver of appeal and collateral relief. The district court denied Campusano's § 2255 motion, holding, inter alia, that unless Campusano requested counsel to appeal a permitted ground for appeal under the waiver, the Flores-Ortega rule that failure to file a requested appeal constitutes prejudice could not apply. *See id.* at 772-73. The Second Circuit determined that the district court erred, and remanded the case for

---

[1] The Court stated:

> [I]t is unfair to *require* an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.
>
> *Id.*

an evidentiary hearing to determine whether Campusano directed his counsel to appeal. *Id.* at 777. Although applying the *Flores-Ortega* presumption to waiver cases would "bestow on most defendants nothing more than an opportunity to lose," the Second Circuit could not "cut corners when Sixth Amendment rights are at stake." *Id.*; *see also Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005) (holding in case with waiver of direct appeal and collateral review that "[i]f the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver."); *United States v. Garrett*, 402 F.3d 1262, 1266-67 & n.5 (10th Cir. 2005) (holding in case with waiver of direct appeal and collateral review that the district court's rationale that counsel could not have rendered ineffective assistance for failing to file an appeal that was precluded by the appeal waiver was contrary to *Flores-Ortega* and circuit precedent.).

Today, we join our sister circuits in holding that the rule of *Flores-Ortega* applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver. Because the record in the instant case does not conclusively show whether Tapp requested that his counsel file an appeal, we vacate the district court's judgment denying Tapp's § 2255 petition and remand for an evidentiary hearing on this

issue.[2]

      VACATED AND REMANDED.

---

    [2]Although the Government concedes that a "limited remand" may be appropriate, the Government suggests that the district court hold an evidentiary hearing to determine only whether Tapp wished to pursue on appeal an issue not precluded by his appeal waiver. The Government's position is inconsistent with the straightforward language of *Flores-Ortega*, which indicates that the viability of Tapp's potential appellate claims is irrelevant. *See Campusano*, 442 F.3d at 776-77. Accordingly, we refrain from so limiting the remand and instead direct the district court to hold an evidentiary hearing to determine simply whether Tapp requested that his counsel file an appeal.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

August 21, 2007

Ms Loretta Whyte, Clerk
Eastern District of Louisiana, New Orleans
United States District Court
Room C-151
500 Poydras Street
New Orleans, LA 70130

      No. 05-30222 USA v. Tapp
        USDC No. 2:00-CR-253-3
                2:03-CV-135

Enclosed, for the district court only, is a certified copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits to be returned.

                Sincerely,

                CHARLES R. FULBRUGE III, Clerk

                      *Angelique D. Batiste*
              By: _____
                    Angelique D. Batiste, Deputy Clerk
                    504-310-7808

cc: (letter only)
    Honorable Kurt D Engelhardt
    Mr Timothy Tapp
    Ms Diane Hollenshead Copes

P.S. to Judge Engelhardt: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1